## CRESCENT INSURANCE CO. v. GRIFFIN & SHOOK.

### SUPREME COURT, AUSTIN TERM, 1883.

*Additional Insurance—Notice—Estoppel.*— The rule in May on Insurance, Sec. 370, cited and approved to the effect that if notice be duly given to the company or its agents of the additional insurance and no objection is made, the company will be estopped from insisting on a forfeiture of the policy, because their consent thereto was not endorsed as literally required by the stipulation in the policy.

Appeal from Hill County. Opinion by Willie, C. J.

The policy of insurance upon which this suit is based, contains the following provisions in substance: "If the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon * * * then and in every such case this policy shall be void."

One of the defenses urged by appellant against a recovery in the district court, and the only one relied on here, is that the appellees took out another policy of insurance upon the property covered by the one in suit, without the consent of appellant endorsed upon the latter policy.

That an additional policy was taken out is admitted by the appellees, and the evidence seems to establish beyond controversy that the written consent of the company as required by appellant's policy was not endorsed upon it.

In avoidance of this defense appellees allege that the agent of the appellant company had full knowledge and notice of the fact that the additional insurance had been taken out and gave their consent to it, and should have endorsed such consent upon the policy, but neglected so to do. They also pleaded that the policy alleged to have been taken out without consent of appellant was itself void

and could not, therefore, prevent a recovery as it did not constitute additional insurance.

It seems that four policies were taken upon the same property, by the appellees, each for one thousand dollars; one in the appellant's company, one in the N. O. Insurance Association, one in the British American Assurance Company, and one in the Philadelphia Fire Insurance Association. The agents of appellant were also agents for the two last named companies, and effected the insurance for these, also. J. G. Harrison, of Waco, was agent for the N. O. company and as such agent effected the insurance taken by it.

Indorsements were placed upon appellant's policy, by its agents, allowing $2,000 additional risks, which were accorded to the two companies represented by appellant's agents. There is no conflict in the testimony as to the fact that no indorsement of consent to insure in the N. O. company was ever made, but there is a great preponderance of evidence to show that notice of this additional insurance was given to the agents of appellant who effected the insurance in the Crescent company during the continuance of their agency. This notice was given after the Crescent policy was executed, and whilst these agents were negotiating for a risk upon the same goods for one of the other companies represented by them, and they made no objection to the additional insurance ; did not cancel the former policy on that account, nor offer to return the unearned premium.

Such is the effect of appellee's testimony, and the court sitting without a jury having decided in their favor, in case of conflict in the evidence we must consider the case as made by the proof introduced by them. There is some disagreement in the authorities as to whether or not notice of other insurance brought home to an agent, without objection made by him, will supply the place of a written endorsement, such as is required by the present policy.

In the case of Carpenter v. Prov. Washington Ins. Co., 16 Pet. 495, 512, it was held that at law, whatever might be the case in equity, mere parol notice of such insurance was not of itself sufficient to comply with the requirements of the policy declared on. The plaintiff in the above cause having failed to recover at law, instituted a suit in equity, alleging that notice was given the insurance company and praying that it might be compelled to endorse the notice upon the policy and to pay the amount due upon it. The bill having been denied under oath, and the complainants having failed to prove

the notice alleged in it by two witnesses, or one in the corroborating circumstance, the suit was dismissed, the court expressing no opinion as to the right of the plaintiff to the relief asked, had the allegations of his bill been properly proved. Carpenter v. Ins. Co., 4 How. 185.

The Massachusetts decisions, especially in the earlier cases, seem to have adopted the stringent rules of the common law, and exacted a literal compliance with the terms of the policy in having the endorsement made upon it, in case of additional insurance. Pendar v. Am. Mutual Ins. Co., 12 Cush. 469.

"But," says Mr. May, in his work on insurance, sec. 370, "the tendency of modern decisions is to hold that if notice be duly given to the company, or its agents, of the additional insurance and no objection is made, the company will be estopped from insisting on a forfeiture of the policy because their consent thereto was not indorsed as literally required by the stipulation." In support of this statement of the modern rule of decisions he cites cases from a large number of the States of the Union, where the business of insurance is transacted principally through agents, the companies represented by them being located in the Eastern and Northern States. See authorities cited in note 1, sec. 370, May on Insurance. The principle upon which these decisions rest is that the provision is inserted in the policy for the benefit of the insurers, and they may dispense with a compliance therewith, or waive a forfeiture of the policy incurred by a breach of the same, and thereby become estopped from setting up such condition or breach in an action subsequently occurring. Viele v. Germania Ins. Co. 26 Iowa Rep. 9.

It is a familiar rule of law that a party for whose benefit a condition is inserted in the written contract may waive it. In case the provision is that the contract shall cease to have effect or become void for the breach of the condition by one party, the other has the right to elect whether or not he will take advantage of the forfeiture or permit the contract to remain in force.

In case of a consent to other insurance endorsed on the policy there is no breach of contract. The insured has simply done what he had a right to do, and there is nothing for the insurers to waive. The necessity for a waiver does not arise in such a case, but it does where the additional insurance is taken without such endorsed consent. As it is in the power of the company to waive the forfeiture thus incurred, the circumstances which will amount to a waiver or

to an estoppel against all right to insist on the breach, are the same as in case of any other contract.

If it be the privilege of the insurers to elect whether they will enforce the policy or abandon it, it is likewise their duty to make the election, and to do so within a reasonable time, and in an unmistakable way; they must not lead the party in default to believe that they consider the policy still in force, if so they will be estopped from alleging the contrary when it is attempted to be enforced against them. The evidence in this cause shows full knowledge on the part of the agents of the appellant that the other insurance had been taken ; they were told so directly and positively, and yet they made no objections; said nothing about cancelling the policy; made no offer to return any part of the premium, but went on to take risks upon the same property in other companies represented by them; nor did they at any time thereafter say or do anything which could possibly leave the insured to believe that they should insist upon a forfeiture. In fact, as late as the very day before the fire occurred they treated with appellees in reference to an additional policy to be taken out in one of their companies and yet were silent as to any claim that the policies already taken were not all still in full effect ; they were the agents of the appellant who were authorized to make the waiver, having originally effected the insurance and continued as agents for appellant in the place where this was done, from the date of the policy to the time of the fire, evidently having charge of the whole insurance business of the Crescent company in the county where they were located. It is unnecessary to discuss further a question so well settled by the authorities, but we simply refer to some of them as holding the same views that we have expressed in this opinion. Hayward v. National Ins. Co., 52 Mo. 181; Van Bories v. United Life, Fire and Marine Ins. Co., 8 Bush. (Ky.) 133; Miner v. Phoenix Ins. Co., 27 Wis. 693; Security Ins. Co. v. Fay, 22 Mich, 467.

This principle is virtually adopted in our own courts in Texas Bkg. and Ins. Co. v. Hutchins, 53 Tex. 61, for it clearly appears from the opinion in that case that if the notice had been given by the proper party to the proper agent the waiver would have been completed, but it was given by a party no ways connected with the insured and to one who was not an agent for the insurers in the particular matter. The attempt of the insured was to conceal from the

insurance company the fact that the policy was forfeited, which was a fraud upon it, and it obtained the knowledge in a casual manner only from a third party. Here the insured themselves informed the proper agent of the company concerning a fact which forfeited their policy, making no concealment whatever. In the one case a fraud was perpetrated by the policy holder, in the other it would be a fraud perpetrated upon him if the company could take advantage of the breach so communicated to them after an acquiescence in it for so long a time. As these views necessarily affirm the judgment, it is unnecessary to notice the other ground upon which appellees also rely to sustain the finding of the court and we express no opinion upon that question.

The judgment is affirmed.