Opinion by
White, P. J.
' (Transferred from Austin.)
§ 332. Petition in suit on open policy of fire insurance; open policy; nature of. It is insisted by appellant (defendant in the court below) that the court erred in overruling its general and special exceptions to the jdaintiffs’ petition. These exceptions were to the sufficiency of the allegations with reference to the fact that the pi-emium for the policy had been paid or secured by the insured; that if a waiver of payment was intended tobe relied on, the acts and declarations, or matters constituting the waiver or estoppel, were not alleged with sufficient certainty; and that the contract of insurance was not set forth with sufficient certainty, as to date of its termination, rate of premium, etc. The rule of law relied upon in support of some of these, exceptions is that a contract of insurance is not binding unless the premium has been paid or secured, or unless the payment is waived. In this case the petition does allege that the payment of the premium was waived by the agent of appellant, and sufficiently avers the circumstances under which the waiver was made. The date on which the contract of insurance took effect is also fully stated. The rate of premium is not stated in dollars, but it is stated that the policy and certificate which fixed the rates with the original insurer, and the contract for which was in the hands *289 of defendant, had been transferred to plaintiffs, and that they agreed with the agent of defendant that thereafter they would pay the premium,, and that the policy should be carried for, and in their names. This, we think, supplied the' necessity of directly averring the rate of premium to be paid. As to the termination of the policy, we cannot see how, under the circumstances of the case, this could be alleged with certainty,—because the policy was an open policy. An open policy is one in which the sum to be paid as indemnity in case of' loss is not fixed in the contract, but is left open to be ’ proved by the claimant, or to be determined by the parties, and this determination is called an adjustment of the loss. [May on Ins. p. 27.] If limited in duration, the termination may happen at any time by a loss from fire; and a loss from fire is a termination. It was therefore immaterial whether or not the time of the duration of the policy was alleged, so that it is alleged, as it is in this petition, that it was subsisting when the loss by fire occurred, giving the date of such loss. The petition was sufficient, and the court did not err in overruling the exceptions to it.
§ 333. Transfer of policy; estoppel by acts, etc., of an agent. It is claimed for error by appellant that the court found as a fact that the transfer or assignment of the certificate of insurance from Moore & Son to Webb, and from Webb to appellees, was legal and valid. One of the conditions of the policy or certificate was, that., there should be no transfer thereof, unless the consent of the insurance company to such transfer or assignment, was indorsed in writing on the policy or certificate.. There was no such indorsement on the policy or certificate, but the evidence fully shows that the agent of appellant knew of the transfers and assignments, and that, he consented thereto. A similar question arose in Griffin & Shook v. Crescent Ins. Co. 59 Tex. 509, and the court, held that the company was barred and estopped by the acts of its agent.
*290 October 18, 1884.
■ § 334. Proof of loss; stipulation for, in contract, must be complied with. One of the stipulations and conditions in the open policy in this case was, that if loss by fire occurred, proof of the loss should be rendered to the appellant as soon after the fire as possible, signed and sworn to by the assured, etc. This statement of loss, and the other required facts, was a condition precedent to appellees’ right of action and recovery. There is no evidence in the statement of facts in the record, that this statement or proof of loss was ever rendered to appellant. Proof of this important fact should never be left in doubt, much less omitted, from the statement of facts, if proven. Without such proof, the judgment is not sustained by the evidence, and we are constrained to hold that in this particular the plaintiffs’ case is not made out, and that the finding of the judge, and the judgment, are therefore not sustained by the evidence.
§ 335. Conclusions of fact by judge must be supported by the statement of facts. In this case the trial judge found as a fact, and stated in his conclusions of fact filed in the record, that appellees had rendered the statement or proof of their loss mentioned in the preceding-section. But the record also contains a statement of facts, duly signed, approved and filed, and there is no evidence contained in said statement of facts which supports said finding of the judge. Held: The question is, By which shall this court be controlled; the judge’s conclusion, or the statement of facts? It is true that such conclusions of the judge are required to be filed, and they become a part of the record in the case. [R. S. art. 1333.] Still, where an independent statement of facts is legally made out, agreed to by counsel, approved by the court, arid made part of the record, we are of opinion that it should be held conclusive of the facts, in a question as to its conclusiveness, against the independent statement of the judge with regard to the facts found by him.
Reversed and remanded.
2D0