Opinion by
Will-son, J.
§ 538. Jurisdiction; when a want of, is apparent of record, it tuill he fatal to the suit, although not pleaded; case stated. C. W. Brown borrowed of Bohl $850, and to secure the payment thereof executed a mortgage upon two houses situated upon a leased lot in the city of Galveston. It is alleged that the mortgaged property cost $1,600, but there is no direct allegation of its value. It was property purchased by C. W. Brown after his marriage with appellee Mary Brown. This suit was brought by Mary Brown, in the county court of Galveston county, against her husband, C. W. Brown, and Bohl, to set aside and cancel said mortgage, she alleging that said property was her separate property, mortgaged without her consent, in fraud of her rights, and that said mortgage was without Consideration, and that her said husband refused to join with her in bringing this suit. She recovered judgment, as prayed for in her petition.
The want of jurisdiction in the county court to heaT and determine this cause was not questioned in that court, and is for the first time presented in this court. If the county court did not have jurisdiction of the subject-matter of the suit, and that fact is apparent of record, this court will take cognizance of it, though the question was not raised in that court. [W. & W. Con. Rep. §§ 111, 214, 1038.]
§ 539. Jurisdiction; when presumed, and tuhen not presumed. Jurisdiction will be presumed in support of the judgment of a court of general jurisdiction, but such presumption does not obtain in support of the judgment of a- court of specially limited jurisdiction. In the latter case jurisdiction must appear affirmatively in the record. [Horan v. Wahrenberger, 9 Tex. 314.]
*486 § 540. County court is a court of limited jurisdiction. The county court is. a court of specially limited jurisdiction, and therefore its jurisdiction of the subject-matter of a suit will not be presumed, but must be affirmatively shown by the record.
§ 541. Jurisdiction of county court as to real estate; mortgage upon houses involves title to real estate. The subject-matter of this suit is the validity of a mortgage upon houses situated upon leased land. It involves directly the title to the property. If it was community property, and the transaction a fair one, the mortgage is valid. If it was the separate property of appellee, and the mortgage was executed without her consent, it is invalid. It follows that this suit cannot be determined without adjudicating the title to the mortgaged property. The title is not merely incidentally, but is directly involved. [Ante, § 433.] Before the court could set aside and annul the mortgage, it would first have to determine that the property was the separate property of appellee. Until the title was adjudged to be in her, she would have no cause of action whatever. This suit is, in effect, to remove a cloud—an incumbrance — upon her title. [Mixan v. Grove, 59 Tex. 513,] Therefore, if the mortgaged property be real estate, the county court was clearly without jurisdiction to determine the cause. Houses, as a .general rule, are considered real property. When claimed to be personal, the exceptional facts making them such must be alleged. '[Ante, §§ 219, 220.] In this case no such exceptional facts are alleged. The houses are alleged to be situated on leased, land. Prima facie, this shows them to be real property. If in fact they were personal property, it devolved upon appellee to allege affirmatively the facts showing them to be such, and thereby show affirmatively the jurisdiction of the county court. Instead of doing this, the petition upon its face shows that the county court did not have jurisdiction of the subject-matter of the suit.'
*487 February 14, 1885.
§ 542. Same; amount in controversy; value of property mortgaged determines jurisdiction. But even if it had been shown that the houses were personal property, it is doubtful still if the county court had jurisdiction of the amount in controversy. Would the value of the mortgaged property, or the debt secured by the mortgage, be the amount in controversy. It has been held in a suit to foreclose a mortgage that it was not only the debt but the property mortgaged that was in controversy, and that the value of the property controlled the question of jurisdiction. [Marshall v. Taylor, 7 Tex. 285; Lane v. Howard, 22 Tex. 7.] It is not affirmatively shown by the record that the value of the mortgaged property is within the jurisdiction of the county court.
Reversed and remanded.