LULA GRIMES ET AL. V. FIDELITY AND CASUALTY COMPANY.

Decided October 17, 1903.

**1.—Accident Insurance—Intentional Injury Excepted—Policeman Killed on Duty.**

A policeman was insured by an accident policy which provided that in case of injuries, fatal or otherwise, intentionally inflicted upon himself by the assured or by any other person, the company should be liable only for the amount of the premiums paid, and was killed while in the discharge of his duty in making an arrest. As a policeman he was insured at the higher rate of risk than was charged for certain other classes. Held, that this fact did not take his case from the operation of the exemption clause on the theory that it was the intention to insure him against such injuries as were incident to a policeman's life.

**2.—Same—Assent of Insured—Case Distinguished.**

This case distinguished from Dailey v. Association, 26 Law. Rep. Ann., 171, where the assured never actually received the policy, but the same was only delivered after his death, and he therefore neither knew of nor assented to the exemption clause, which formed no part of the contract as originally and actually made.

Appeal from the District Court of Tarrant.   Tried below before Hon. Irby Dunklin.

*Q. T. Moreland,* for appellants.

*Etheridge & Baker,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellants, beneficiaries in an accident insurance policy written by appellee upon the life of Andy L. Grimes, deceased, sued upon such policy, and appeal from an adverse decision of the District Court.   The controversy between the parties arises from the effect to be given to paragraph 4 of the policy, which is as follows: "In case of injuries, fatal or otherwise, intentionally inflicted upon himself by the assured or by any other person, or inflicted upon himself or received by himself while insane, the measure of the company's liability shall be a sum equal to the premium paid, the same being agreed upon as in full liquidation of all other claims under this policy." It is admitted that A. J. Grimes, the assured, was a policeman of the city of Fort Worth, and while in the discharge of his duty as such policeman, in an effort to arrest one Vann for a violation of a city ordinance, was intentionally shot and killed by the said Vann at a time when the policy was in full force.   It is contended by the appellee that, by reason of these facts and the exemption provided for in the paragraph of the policy quoted, it is not liable to the appellants beyond the amount of the premium paid to it, which has been tendered, while on the other hand appellants assert that the paragraph forms no part of the contract of insurance as originally made, and that, in any event, it is inconsistent with the real intention of the parties, repugnant to the express undertaking of the insurer, and a fraud upon the rights of the assured and beneficiaries, if effect be given to it.

That such a clause in an accident insurance policy is ordinarily valid,

seems to be settled by the authorities (Johnson v. Travelers Insurance Co., 15 Texas Civ. App., 314, and cases cited), and is not controverted by appellants. But the contention is, that since the assured was insured as a policeman,—a risk considered by the company as more hazardous than some others and for which a higher rate of premium was charged and paid, than in those cases considered less hazardous,—that the real intention of both parties, and the undertaking of the insurer, was that the assured was to be protected against not only the accidental injuries usually insured against, but also, in addition thereto, such injuries as he in the discharge of his duties as a policeman was exposed to, or in other words such injuries as were incident to a policeman's life. The evidence shows that this risk was classified by appellee as "medium;" that the rate was $23 per $1000, and that medium risks are more hazardous, exposed to more danger and pay a higher rate of insurance than risks classified as "special," "preferred," or "ordinary." The avocation of the assured is shown upon the face of the policy. The policy containing the paragraph under consideration was delivered by the company to the assured and by him retained. He must be held to have assented to it, since the evidence fails to show any representation, concealment or other act upon the part of the company amounting to fraud. Morrison v. Insurance Co., 69 Texas, 353; Aetna Insurance Co. v. Holcomb, 89 Texas, loc. cit., 410.

If the policy contained language which was ambiguous, or inconsistent parts, we would not hesitate to adopt that construction which would be most favorable to the assured. This is the application of a familiar rule of construction. But we do not so understand the policy. It is plain and unambiguous, and all its parts consistent. We do not think the paragraph exempting the company from liability in case of injuries intentionally inflicted should be held inoperative simply because the assured, who was by it insured as a policeman at a policeman's rate, was exposed to and likely to receive such an injury in the discharge of his official duty. Such an officer, by reason of his duties, is exposed to increased risks of accidental injuries at the hands of persons engaged in riots, affrays, disturbances of the peace, and probably others. These were probably considered sufficient consideration by the parties for the higher rate of premium demanded. At any rate they have so contracted, and in the absence of fraud, ambiguity or inconsistency in the contract, we can not alter its terms.

The case of Dailey v. Accident Assn., 26 Law. Rep. Ann., 171, announces no different rule, as we understand the holding in that case. There the assured never actually received the policy, but the same was only delivered after his death, and he therefore neither knew of nor assented to the provision which was stricken out as forming no part of the contract as originally and actually made.

We think the judgment of the District Court should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.