WESTCHESTER FIRE INS. CO. OF NEW YORK v. LOONEY.    (No. 1081.)

(Court of Civil Appeals of Texas.    El Paso. March 11, 1920.    Rehearing Denied April 1, 1920.)

INSURANCE ⬤�center328(15)—POLICY INSURING DWELLING, BARN, AND CONTENTS IN SEPA-RATE AMOUNTS HELD DIVISIBLE AS RESPECTS CHANGE OF OWNERSHIP.

Fire policy, insuring a dwelling, furniture, and wearing apparel, as well as a barn and the contents thereof, in separate amounts, must be deemed as to the furniture and apparel, so that, where the policy was not canceled by the insured or his agent, the insured may recover for the loss of the furniture and wearing apparel, notwithstanding his sale of the barn and dwelling, where the property, when destroyed, was still in the dwelling; insured not yet having surrendered possession thereof.

Appeal from District Court, Haskell County; W. R. Chapman, Judge.

Action by J. W. Looney against the Westchester Fire Insurance Company of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

McConnell & Grissom, of Haskell, and John B. Thomas, of Anson, for appellant.

Murchison & Davis, of Haskell, for appellee.

WALTHALL, J.    Appellee, J. W. Looney, brought this suit against appellant, Westchester Fire Insurance Company of New York, to recover on a fire insurance policy. The policy provides insurance for specific sums on specified items as follows: $1,000 on dwelling, $500 on furniture and wearing apparel, $500 on barn, and $500 on contents of barn. Appellee had disposed of the dwell-

---

⬤⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing house and barn, and had consumed the feed and contents of the barn, when a fire occurred which completely burned up the dwelling house and barn and all the furniture and wearing apparel insured. Appellee sued for the four items covered by the policy, but later dismissed as to all items except the $500 on the furniture and wearing apparel.

The insurance company pleaded that at the time the fire occurred, destroying the dwelling house, a change of ownership of the dwelling had taken place, and the policy of insurance had been canceled by the consent or under the direction of appellee. The company also pleaded the following provision in the policy:

This entire policy, unless otherwise provided by agreement indorsed hereon, shall be void if any change, other than by death of an insured, takes place in the interest, title, or possession of the subject-matter insured (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise, if the interest of the insured be other than an unconditional and sole ownership.

While appellee had sold the dwelling and barn, he was still in possession when the fire occurred. His vendee, for his own interest, had reinsured the dwelling.

The court submitted the case to the jury on two special issues:

First. Did plaintiff, prior to the time of the fire mentioned, authorize Clyde F. Elkins [appellant's agent] to cancel the insurance policy sued on?

The jury answered: No.

Second. Did Clyde F. Elkins, prior to the time of the fire mentioned in the pleadings, cancel the policy sued on?

The jury answered: Yes.

The court properly held that the policy is a several and divisible policy of insurance; that there had been no change of ownership, title, or interest in the furniture, household goods and wearing apparel covered by the policy; that it was of the full cash value of $500, as shown by the undisputed evidence; that proof of loss had been duly made, and that appellee was entitled to recover unless the appellee had authorized the cancellation of the policy prior to the fire, and, the jury having determined that issue, the court rendered judgment for appellee for $500, with interest from the date of the judgment at the rate of 6 per cent.

We are of the opinion that the court was not in error, as claimed in the first assignment, in refusing to charge the jury that, if there had been a change in the ownership and title of the subject of the insurance prior to the time of the fire, the policy would have become entirely void. The issue as submitted, and the judgment as rendered, had reference solely to the furniture, household goods and wearing apparel of appellee. As to these items in the policy the undisputed evidence shows that the ownership, title, and possession had not changed. The policy as to the several items insured is severable. The jury, on evidence sufficient to sustain the finding, determined the fact that the policy had not been canceled by consent of appellee. It is not claimed that the policy was canceled by reason of any provision in the policy.

Finding no reversible error, the case is affirmed.