## YEAGER v. ST. PAUL FIRE & MARINE INS. CO.

No. 2465.

Court of Civil Appeals of Texas. Waco.

Dec. 3, 1942.

Rehearing Denied Dec. 31, 1942.

Stewart & Barron and B. H. Dewey, Jr., all of Bryan, for appellant.

Bryan & Bryan, of Houston, and W. E. Barron, of Iola, for appellee.

HALE, Judge.

Appellant Yeager sued appellee, St. Paul Fire & Marine Insurance Company, for the reformation of an assignment and en-

dorsement attached to a Texas Standard Fire Policy and for the recovery of $500 alleged to be due thereunder on account of loss by fire. Appellee defended upon the grounds that appellant had assigned his entire interest in the policy prior to the time of the loss complained of and had breached the policy provisions relating to the location of the insured property and the furnishing of a sworn proof of loss with respect thereto. By way of cross-action, appellee also impleaded its agent Boney and sought recovery over against said agent in the event appellant be awarded any recovery against it. The pleadings of the parties were voluminous and were sufficient to raise all of the issues hereafter discussed.

The case was tried before a jury. Upon the conclusion of the testimony, appellee and its agent presented their joint motion for a peremptory instruction which was granted. Thereupon the court instructed the jury to return their verdict for appellee and, such verdict having been returned, judgment was rendered that appellant take nothing against appellee, and that appellee take nothing on its cross-action against its agent. By appropriate assignments appellant says the trial court erred in directing the verdict against him.

The policy sued upon was issued on April 4, 1939, by appellee's agent Boney at Iola, Texas, was for the term of one year from its date, and insured appellant against loss or damage by fire to an amount not exceeding (1) $2000 on a certain building situated in Iola while occupied by the owner as a dwelling and (2) $500 on household furniture while contained in said building. Shortly prior to July 24, 1939, appellant sold the insured building, together with the ground upon which the same was situated, to one Hood Capps and wife and moved his household furniture out of the building to Bryan, Texas, a distance of about twenty miles from Iola. Appellant testified to facts tending to show that agent Boney knew of the sale of the real estate and the removal of the household furniture; that on July 24, 1939, he personally requested said agent to transfer the insurance on the building to Capps, but that by mutual mistake or through the negligence of agent Boney an assignment was executed and an endorsement attached to the policy which purported to transfer to Capps the insurance on both the building and the household furniture; that he executed the assign-

ment without reading the same, not knowing that it purported to cover all of the insured property; that he had been dealing with Boney for twenty years in the transaction of his insurance business and believed said agent knew how to properly handle the same; that it had been his custom to leave his insurance policies continuously in the possession of said agent and that he did so in this instance, relying upon his belief that said agent would properly prepare and keep said policy or policies and endorsements in his possession so that appellant would be protected in the event of loss or damage to his property by fire; that he did not take out any additional insurance on his household furniture after removing the same to Bryan because he thought his furniture was covered under the policy or policies issued by appellee; and that on January 28, 1940, his furniture was damaged by fire to the extent of an amount in excess of the sum of $500.

The photostatic copy of the policy sued upon discloses a printed form for "Assignment of Interest by Insured" as follows: "The interest of W. O. Yeager as owner of the property covered by this Policy is hereby assigned to Hood Capps and wife, Flossie Capps purchaser, subject to the consent of the St. Paul Fire & Marine Insurance Company." The names "W. O. Yeager" and "Hood Capps and wife, Flossie Capps" were inserted in the blank spaces in the above printed form by typewriter and the assignment bears the signature of appellant under date of July 24, 1939. Immediately under the assignment is a printed form for "Consent by Company to Assignment of Interest" as follows: "The St. Paul Fire & Marine Insurance Company hereby consents that the interest of ———— as owner of the property covered by this Policy be assigned to ———— purchaser. ———— Agent." The photostatic copy further shows that neither of the blank spaces in the foregoing consent form was filled in nor was the agent's signature blank filled in by typewriter or otherwise. There was no evidence showing or tending to show that the policy was ever cancelled either in whole or in part, or that appellee returned or attempted to return any part of the premium paid therefor.

In its cross-action, appellee affirmatively alleged that on April 4, 1939, its local recording agent Boney issued to appellant the policy sued upon, and that on or about the 24th day of July, 1939, the said Boney,

while attempting to carry out the instructions of appellant with regard to the assignment of said policy to Hood Capps, "willfully, carelessly and negligently failed to follow out such instructions and in this connection he particularly failed to follow the specific instructions of the said W. O. Yeager in the transferring of the said policy to Hood Capps and wife, Flossie Capps, in that at the time of such transfer by said W. A. Boney he was negligent in each and all of the particulars of negligence as set out in the second amended pleadings of plaintiff, W. O. Yeager." Appellee further alleged in its cross-action that "the said W. A. Boney willfully, carelessly and negligently failed to carry out all of his duties and instructions given him by cross-plaintiff, The St. Paul Fire & Marine Insurance Company, with regard to the transferring and assigning of the policy."

■■ Under the pleadings and evidence in the record before us, we cannot say as a matter of law that appellant assigned all or any of his interest in the policy sued upon to Hood Capps and wife prior to the time of the loss complained of. Since the policy covered both realty and personalty in separate amounts, it was a several and divisible contract and hence appellant, with the consent of appellee, could have properly assigned to Capps his interest as owner of the building covered by the policy without assigning his interest as owner of the furniture. Westchester Fire Ins. Co. v. Looney, Tex.Civ.App., 219 S.W. 1116; 24 T.J., p. 716, Sec. 34. But regardless of whether appellee did or did not consent to the attempted assignment, we think it is clear that none of the parties involved in the transaction intended that the same should operate as a transfer of appellant's interest in that portion of the policy which insured him against loss or damage to his furniture. Boney testified that he knew appellant had not sold his furniture to Capps and by such knowledge he was charged with notice that Capps could not lawfully acquire any interest in that portion of the policy which insured against loss or damage to the furniture because Capps had no insurable interest in the same. 24 T.J., p. 769, Sec. 71, and authorities there cited. In our opinion, the pleadings and evidence were amply sufficient to sustain findings that the purported assignment was executed by appellant as the result of a mutual mistake of the parties or as a result of the negligence of agent

Boney. If it was so executed, then in either of such events the assignment and endorsement were proper subjects for reformation so as to make the instruments conform to the true intention of the parties. 24 T.J., p. 744, Sec. 54, and authorities there cited; 26 C.J., p. 103, et seq. We therefore hold that the trial court erred in peremptorily instructing the verdict of the jury insofar as the attempted assignment and endorsement are concerned.

■■ Appellant alleged facts which, if true, tended to show that appellee had waived the policy provisions relating to the location of the insured property and the furnishing of a sworn proof of loss with respect thereto. He contends that his pleas of waiver and estoppel were tendered by the evidence so as to present fact issues for the jury. We are of the opinion that such contentions must be sustained. While the removal of personal property from the location in which it is insured ordinarily constitutes a breach of the conditions contained in a Texas Standard Fire Policy so as to avoid the same, it is settled that such provisions, as well as those relating to the timely furnishing of a sworn proof of loss, may be waived and the insurer may be estopped from asserting or relying upon the breach of such conditions or provisions as a defense. Morrison v. Insurance Co. of North America, 69 Tex. 353, 6 S.W. 605, 5 Am.St.Rep. 63; Law v. Texas State Mut. Fire Ins. Co., Tex.Com.App., 12 S.W.2d 539; Home Ins. Co. v. Puckett, Tex.Com.App., 27 S.W.2d 111; Northern Assurance Co. v. Morrison, Tex.Civ.App., 162 S.W. 411, error refused; Springfield Fire & Marine Ins. Co. v. Brown, Tex.Civ.App., 13 S.W.2d 916.

There was evidence that on March 16, 1940, appellant delivered to adjuster Kent a written statement concerning his version of the facts surrounding the issuance of the policy, its purported assignment to Capps, the occurrence of the fire on January 28, 1940, the various articles of furniture destroyed by the fire and the value of such articles; that adjuster Kent retained such statement in his possession until he forwarded the same to appellee; and that neither appellee nor any of its agents raised any question as to the sufficiency of such statement as a proof of loss under the policy or requested any further information with respect thereto prior to the time when appellee denied liability for the claimed loss. Without further statement

from the record, it must suffice to say that we have carefully considered all of the pleadings and evidence in the case and, in our opinion, the same were sufficient to raise and tender fact issues determinative of appellee's claimed liability.

Having concluded that the trial court erred in directing the verdict, that portion of the judgment appealed from which denied any recovery to appellant is reversed and the asserted cause of action against appellee is remanded to the court below for another trial.