### McDANIEL et al. v. CALIFORNIA–WESTERN STATES LIFE INS. CO.

No. 12967.

United States Court of Appeals Fifth Circuit.

May 2, 1950.

Rehearing Denied May 23, 1950.

C. W. Kennedy, Jr., Crockett, Tex., for appellants.

Tarlton Morrow, Houston, Tex., for appellee.

Before HOLMES, McCORD, and BORAH, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by the widow of Roy Lee Smith against California-Western States Life Insurance Company on a policy of life insurance in the face amount of $5,105.

The principal questions confronting us for determination are (1) whether an aviation exclusion clause constitutes a valid and effective part of the policy contract; and if so, (2) whether the insured met his death within the exclusion of such clause, so as to preclude recovery under the policy except for the premiums paid thereon.

The material facts, as stipulated and found by the trial court, reveal that the insured, Roy Lee Smith, while serving in the Navy as an Aviation Machinist Mate, First Class, entered into the contract of insurance here under consideration with the defendant in the latter part of March, 1947. The insured's wife, Rachel V. Smith, was named beneficiary in the policy of insurance, and his son, Jimmie L. Smith, was designated contingent beneficiary. The policy is of the endowment type, with a face value of $5,105, and provides under a "Family Income Rider" for the payment of $102 per month for a period of twenty years after which the face amount becomes payable. At the time of issuance of said policy, the insured agreed to pay the premiums due thereon monthly by government allotment from his salary, and did pay such premiums up until the time of his death.

When the application for the policy in question was forwarded to the home office of the Company by its soliciting agent, the Company authorized the issuance and delivery of the policy on the condition that an aviation exclusion clause rider be attached to and made a part of the policy contract. It is without dispute that the policy, as finally approved and delivered to the insured, did contain such aviation exclusion clause, as required by the Company. However, when the policy was delivered to the insured by the Company's agent, he secured Smith's signature to the copy of the aviation exclusion clause which was returned to the Company, but did not require Smith to sign that copy of the aviation exclusion clause attached to the policy left in his possession. This fact was not known to the Company until after the death of the insured on April 25, 1948. At that time, the policy in question was in full force and effect.

It was stipulated by the parties that the insured met his death under the following circumstances: "While riding in a Navy plane along with other Navy personnel, which plane was engaged in simulated anti-submarine warfare operations, the plane crashed at sea for causes undetermined, and a search by aircraft and surface craft instituted immediately thereafter indicated that the plane had disintegrated on impact with no possibility of survivors. There

608

were no eye-witnesses, and the body was not recovered."

We are of opinion the trial court correctly held that the aviation exclusion clause was a valid part of the policy contract, and that the insured met his death clearly within its terms. Cf. New York Casualty Company v. Ford, 5 Cir., 145 F.2d 599; Morrison v. Insurance Company of North America, 69 Tex. 353, 6 S.W. 605, 5 Am. St.Rep. 63; Aetna Insurance Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121; New York Life Ins. Co. v. Rogers, 9 Cir., 126 F.2d 784.

■ We have carefully examined the original of the policy, which is before us as an exhibit in the case, and find the language of the aviation exclusion clause clear and unambiguous to the effect that in the event the insured met his death "as a result of travel or flight in or upon any kind of aircraft, or from falling or otherwise descending therefrom or therewith during said travel or flight," the Company's liability under the policy was thereby restricted to a return of the premiums paid plus 3% interest thereon. For this reason, we think the trial court erred in admitting the testimony of the insurance agent, Matthews, as to his explanation of the aviation exclusion clause upon delivery of the policy to the insured. We consider all of this parole evidence as clearly inadmissible to prove any actual knowledge by the insured of the inclusion of the aviation rider in his policy, and actual assent on his part to its restrictive terms. New York Casualty Co. v. Ford, 5 Cir., 145 F.2d 599, 600. However this may be, we cannot ignore unimpeached and uncontradicted evidence by the beneficiary of this policy to the effect that the signature to the copy of the aviation exclusion clause which the insured returned to the Company, as a part of the policy contract, was the signature of her husband. It is therefore without dispute that the insured's signature to the copy of the aviation exclusion clause forwarded to the Company is genuine. Having signed and accepted the aviation rider restricting the Company's liability in the event he met his death in an airplane accident, the insured is presumed to have known its contents and assented to its terms. As the Supreme Court of Texas stated in the early case of Morrison v. Insurance Company of North America, 69 Tex. 353, 6 S.W. 605, 606, 5 Am.St.Rep. 63, "Every policy-holder, in the absence of fraud, misrepresentation, or concealment, must be held to have knowledge of its contents [of the policy] when he has opportunity to examine it before he accepts it." See also, New York Casualty Co. v. Ford, 5 Cir., 145 F.2d 599; Merchants' &. Manufacturers' Inter-Insurance Alliance v. Hansen, Tex.Civ. App., 258 S.W. 257, 261; Home Insurance Co. v. Bennett, Tex.Civ.App., 9 S.W.2d 432.

■■ We find no merit in the contention that merely because the insured retained his copy of the aviation exclusion clause in the original policy without signing it, that it never became effective as a part of the insurance contract. In 128 A.L.R. 1034, it is stated: "As a general rule, where a rider, slip, or endorsement is physically attached to a policy of insurance contemporaneous with execution, and delivered to the insured as attached, and sufficient reference is made in either the policy or the attached matter (as here) to identify the papers as related, the fact that the matter so attached is without the signature of the insurer or its authorized agents will not preclude its inclusion and construction as a part of the insurance contract". We think fairness requires that the same rule be applied to the insured here. Cf. New York Life Ins. Co. v. Rogers, 9 Cir., 126 F.2d 784. In any event, we are still confronted with the undisputed fact that the insured at all times retained in his possession the original policy containing a copy of the aviation exclusion clause; that he did sign and return to the Company its copy of the restrictive clause, and that his signature thereon is admittedly genuine. Moreover, no fraud, misrepresentation, or mistake is here pleaded or proved. Under the circumstances, we conclude that the trial court correctly states the applicable law of the case in holding, "* * * I think that by accepting delivery of the policy with the provision contained as an integral part thereof, his

knowledge of the same would be presumed as a matter of law, irrespective of the explanation of the same by Matthews." New York Casualty Co. v. Ford, 5 Cir., 145 F.2d 599; Texas Prudential Insurance Co. v. Howell, Tex.Civ.App., 119 S.W.2d 1100; Equitable Life Assur. Soc. of U. S. v. Johnson, 6 Cir., 81 F.2d 543.

We further believe the stipulation conclusively reveals that the insured met his death clearly within the terms of the exclusion clause. We are not permitted to speculate and indulge unreasonable inferences in favor of plaintiffs as to how the insured met his death, when to do so would manifestly conflict with and torture the plain language and meaning of the stipulation. Cf. Bergholm v. Peoria Life Insurance Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416.

Our holding renders it unnecessary to consider or discuss the other questions presented. It follows that plaintiffs may recover only the premiums paid on the policy plus the interest due thereon.

The judgment is accordingly

Affirmed.