Opinion vacated Nov. 27, 1974. See 504 F.2d 1380.

---

**John L. REEDY, Sr., et al., etc., Plaintiffs-Appellants,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.**

**No. 74–2100**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1974.

William H. Roundtree, Cocoa, Fla., for plaintiffs-appellants.

John G. Rooney, Cocoa, Fla., for defendant-appellee.

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

**1118**

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The claim of the co-administrator plaintiffs that the decedent employee should have been classified at a higher salary level for death benefits under a group life insurance policy was ended by summary judgment and they appeal. We affirm.

The principal appellate contention involves the extent of the limitation placed upon the trial court by a pretrial stipulation between counsel for plaintiffs and the defendant insurer. This stipulation described the dispute as limited to whether any company payments other than regular monthly salary were to be included within the policy's expression "Base Annual Salary", which was the determinant of employee classification for benefit purposes. The district judge construed the policy to provide that overtime payments only should be included, but additionally decided that because the decedent had received a salary increase ten months prior to his death, another provision of the policy fixed his classification at that which had been determined proper by the insurance company. After announcing this decision, the court allowed plaintiffs an additional opportunity to present further facts and argument in support of their position. Following supplementary proceedings, the court adhered to its original decision that the decedent had been properly classified and entered a final summary judgment for the insurer.

Plaintiffs insist that the court committed reversible error and denied them due process of law by "breaking" and "going beyond" the written stipulation which listed as the only issue in dispute the inclusion or exclusion of overtime pay and other emoluments in "Base Annual Salary." Defendant denies that it ever waived other legal defenses under the terms of the policy because it included only the contention as to the scope of "Base Annual Salary" in the pretrial document.

On a motion for summary judgment, this court is rule-bound by the material facts which are without genuine dispute, whether stipulated or not. Fed.R.Civ.P. 56(c); *cf.* McDaniel v. California-Western States Life Ins. Co., 181 F.2d 606 (5th Cir.), cert. denied, 340 U.S. 822, 71 S.Ct. 56, 95 L.Ed. 604 (1950). However, in interpreting the obligations of the insurer under its contract the court is not limited to the theories of liability contended for by the parties by virtue of their embodiment within or omission from a pretrial stipulation. C. Wright and A. Miller, Federal Practice and Procedure § 1527, pp. 608–11.

The remaining contentions of appellant do not warrant discussion.

Affirmed.