FRANKLIN J. COUCH AND WIFE *vs.* THE CITY FIRE INSURANCE COMPANY.

A bill in equity to enjoin an insurance company against setting up, in defence to a pending action at law upon a policy, a condition of the policy claimed by the plaintiff to have been waived, will not be sustained, there being adequate remedy at law.

The waiver in such a case can be proved, and will be allowed its full effect, in the action at law.

The same rule applies to an estoppel in pais.

BILL IN EQUITY for an injunction; brought to the Superior Court in Hartford County, and reserved, on facts found, for the advice of this court. The case is sufficiently stated in the opinion.

*T. C. Perkins* and *Spencer*, for the petitioners.

*F. Chamberlin*, for the respondents.

PARK, J.    This bill is brought in aid of an action at law pending between these parties, and its object is to prevent the respondents from setting up as matter of defence in that action, the non-compliance by the petitioners with the following condition in their contract of insurance: "If the assured, or any other person or parties interested, shall have existing during the continuance of this policy any other contract or

agreement for insurance, whether valid or not, against loss or damage by fire, on the property hereby insured, or any part thereof, not consented to by this company in writing and mentioned in or endorsed upon this policy, then this insurance shall be void and of no effect."

On the hearing before the committee, the petitioners failed to prove the contract set forth in their bill respecting this condition, and they now rely upon a waiver by the respondents, or an estoppel in pais from setting it up.

But it is unnecessary to consider whether there is a foundation for these claims, for if it be true that the respondents, at the inception of the contract of insurance, waived the benefit resulting to them from a compliance with the terms of this condition, or if such facts then existed that the law would hold them to the consequences of a waiver, or estop them from setting up a breach of the condition as matter of defence, we think it clear that the petitioners can sustain their action at law, so far as this condition is concerned, without the aid of a court of chancery.

It has repeatedly been held by this court that conditions in a policy of insurance made for the exclusive benefit of the insurers, may be waived by them, and the waiver may be shown by the insured in a suit at law on the policy. *Sheldon* v. *Connecticut Mutual Life Ins. Co.*, 25 Conn., 207; *Bouton* v. *American Mutual Life Ins. Co.*, 25 Conn., 542; *Rathbone* v. *City Fire Ins. Co.*, 31 Conn., 193.

This is also true in cases of estoppel in pais. *Brown* v. *Wheeler*, 17 Conn., 345; *Kinney* v. *Farnsworth*, 17 Conn., 355; *Roe* v. *Jerome*, 18 Conn., 138; *Whitaker* v. *Williams*, 20 Conn., 98; *Preston* v. *Mann*, 25 Conn., 118; *Danforth* v. *Adams*, 29 Conn., 107.

We think the petitioners can as easily maintain their action at law, so far as the condition in question is concerned, as they can sustain the bill under consideration. We express no opinion upon the merits of the case, but simply say to the petitioners that a court of equity cannot aid them.

We therefore advise that the bill be dismissed.

In this opinion the other judges concurred.