8b 133
98 311

CASE 26—PETITION EQUITY—SEPTEMBER 18.

# Von Bories, &c. v. The United Life, Fire, and Marine Insurance Company.

### APPEAL FROM THE LOUISVILLE CHANCERY COURT.

SUBSEQUENT INSURANCE, WITHOUT FORMAL NOTICE OR CONSENT THERETO WRITTEN ON THE POLICY, DID NOT EXONERATE THE FIRST INSURER FROM LIABILITY IN THIS CASE.

The United Life, Fire, and Marine Insurance Company and the Kenton Insurance Company had the same general agent in Louisville. Shea & O'Connell obtained from said agent a policy on goods, etc., in the company first above named, and on the next day they obtained from said agent a policy on the same goods, etc., in the other company. Formal notice of the second insurance was not given to the first insurer, nor was its consent thereto written upon its policy. In a suit against it to recover for a loss which occurred more than sixty days after the date of its policy, the United Life, Fire, and Marine Insurance Company, as a bar to a recovery, relied on the following condition in its policy, to-wit: "If there is or shall hereafter be made any further insurance on the property hereby insured without being notified to this company, and its consent thereto written hereon, then and in that case this policy shall be of no binding force on this company." *Held*,

The second insurance did not render the first contract absolutely void.

The company had the election, after notice of the violation of the contract, to cancel the policy by returning a proper proportion of the premium, or to retain the premium and permit it to remain in full force.

Good conscience and fair dealing required the company, in case it was intended to enforce the forfeiture, to take the necessary steps within a reasonable time after notice of the second insurance.

THE KNOWLEDGE OF THE AGENT WAS NOTICE TO THE COMPANY. The company had notice from the very moment its general agent issued the policy in the Kenton Insurance Company.

THE COMPANY WAIVED THE RIGHT TO EXONERATION.

WILLIAM ATWOOD, ⎫
MUIR & BIJUR, . .  ⎬  . . . . . . . For Appellants,
                   ⎭

CITED

43 Barbour, 351, Post v. The Ætna Insurance Company.

25 Barbour, 189, Goit v. National Protective Insurance Company.

38 Barbour, 402, S. C.; 40 Barbour, 292, Carroll v. Charter Oak Ins. Co.

5 Hill, 101, McEwen v. Montgomery County Mutual Ins. Co.

23 Wendell, 18, Lightbody v. North American Insurance Company.

21 Iowa, 185, Ayres v. Home Insurance Company.

6 Bush, 174, Kenton Insurance Company v. Shea & O'Connell.

16 Barbour, 511, Wilson v. Gennessee Mutual Insurance Company.

11 Barbour, 624, Masters v. Madison County Mutual Insurance Co.

2 Ohio State, 452, Protection Insurance Company v. Harmer.

2 Kernan, 258, Ames v. New York Insurance Company.

40 New Hampshire, 375, Patten v. Merchants and Farmers Insurance Co.

7 Foster (N. H.) 157, Marshall v. Columbia Mutual Insurance Co.

37 New Hampshire, 35, Campbell v. Merchants and Farmers Ins. Co.

13 New Hampshire, 145, Hovey v. Blanchard.

9 Barbour, 191, Sexton v. Montgomery County Mutual Ins. Co.

7 Bush, Kentucky Marine and Fire Ins. Co. v. The Security Fire Ins. Co.

1 Am. Law Reg., new series (being 10 old series), 116, Constant v. Ins. Co.

19 Howard's S. C. Rep. 318, 322, Union Mutual Ins. Co. v. Com. Ins. Co.

20 Ohio, 529, Palm v. Medina Insurance Company.

25 Indiana, 536, New England Insurance Company v. Robinson.

31 Alabama, 711, Mobile Insurance Company v. McMillan.

19 New York, 306, S. C.

18 Barbour, 69, Trustees of Baptist Church v. Brooklyn Fire Ins. Co.

6 Gray, 204, Kennebeck Co. v. Augusta Insurance and Banking Co.

17 Iowa, 276, City of Davenport v. Peoria Insurance Company.

32 New York, 405, Hoffman v. Ætna Insurance Company.

52 Maine, 336, North Berwick Co. v. New England Insurance Company.

35 New York, 131, Boehen v. Washington City Insurance Company.

5 Denio, 154, Frost v. Saratoga Mutual Ins. Co.

19 Barbour, 440, Viall v. Gennessee Mutual Insurance Company.

23 Connecticut, 244, Bevin v. Connecticut Mutual Insurance Co.

13 Iowa, 375, Kienan v. Dubuque Mutual Insurance Company.

26 Pennsylvania, 199, Insurance Company v. Stockblower.

12 Michigan, 202, Peoria Fire and Marine Insurance Company v. Hall.

26 Iowa, 9, Viele v. Germania Insurance Company.

45 New Hampshire, 21, Barnes v. Union Mutual Insurance Company.

5 Foster (N. H.) 269, Goodall v. New England Insurance Company.

4 Bush, 418, Hamblin v. McCalister.

16 Maryland, 260, National Insurance Company v. Crane.

Von Bories, &c. v. The United Life, Fire, and Marine Insurance Co.

40 Missouri, 557, Horwitz v. The Equitable Insurance Company.
38 Illinois, 167, New England Insurance Company v. Schettler.
4 Bush, 242, Baer v. Phœnix Insurance Company.
20 Barbour, 468, New York Central Ins. Co. v. Protection Ins. Co.
2 Stant. Rev. Stat. ch. 83, sec. 10, p. 252, title "Revenue and Taxation."
7 Cowen, 645, Norton v. Renssalaer and Saratoga Insurance Company.
2 Kernan, 81ᵇ Bumsheed v. Dividend Mutual Insurance Company.
1 Harrison (N. J.) 410, Mechanics Fire Insurance Co. v. Nichols.
3 Bush, 328, Northwestern Insurance Company v. Atkins.
9 Howard's S. C. Rep. 390, Taylor v. Merchants Insurance Company.
4 Sandford Ch. 408, Carpenter v. Mutual Safety Insurance Company.
4 Cowen, 646, Perkins v. Washington Insurance Company.
28 Barbour, 118, Courtney v. New York City Insurance Company.
14 Wisconsin, 319, Warner v. Peoria Insurance Company.

F. M. WEBSTER, . . . . . . . . . . For Appellee,

CITED

Nova Scotia Rep. (1860) page 31, Campbell v. Ætna Insurance Co.
8 Gray, 33, Kimball v. Howard.
1 Green (N. Y.) 110, Roumage v. Merchants Fire Insurance Company.
20 Maine, 125, Donnison v. Thomaston Insurance Company.
25 Connecticut, 51, Beebe v. Hartford Mutual Insurance Company.
12 Louisiana Reports, 136.
1 Handy (Ohio), 208, Miller v. Western Fire and Marine Insurance Co.
18 Maryland, 26, Mutual Insurance Company v. Deale.
16 Peters, 495, Carpenter v. Providence and Washington Insurance Co.
4 Howard, 185, Carpenter v. Providence and Washington Insurance Co.
20 Barb. 635, Bigler v. New York Central Insurance Company.
22 New York, 402, Bigler v. New York Central Insurance Company.
11 Cushing, 265, Worcester Bank v. Hartford Fire Insurance Company.
21 Missouri, 97, Hutchisson v. Western Insurance Company.
6 Gray, 169, Hall v. Mechanics Mutual Ins. Co.
9 Cushing, 470, Forbs v. Agawam Mutual Fire Ins. Co.
12 Cushing, 469, Pendar v. American Mutual Insurance Company.
12 Cushing, 144.　　　　　　　7 Cushing, 175.
5 Duer, 101, Mallen v. Hamilton.
4 Bush, 242, Baer v. Phœnix Insurance Company.
17 New York, 609, Mallen v. Hamilton.
19 Ohio, 149, Starke County Mutual Ins. Co. v. Hurd.
4 Phillips on Insurance, 484.
51 Pennsylvania, 402, Mitchell v. Lycoming Mutual Insurance Co.
17 Johnson, 176, Ayres v. Hartford Fire Insurance Company.
15 B. Monroe, 429, Protection Insurance Company v. Hall.

2 Hall (N. Y.) 490.　　　　　　　7 Bingham, 349.
1 Louisiana, 216, Hoffman v. Western Mutual Fire Ins. Co.
12 Louisiana Reports, 336.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

On the 15th of November, 1867, Shea & O'Connell obtained from the United Life, Fire, and Marine Insurance Company a five-thousand dollar policy of insurance upon their stock of merchandise and fixtures in the city of Louisville. On the following day they obtained further insurance on the same fixtures and merchandise for the further sum of five thousand dollars in the Kenton Insurance Company. Both policies were issued by one George S. Moore, who was the general agent at Louisville for both companies. .

On the 23d of the following January a considerable portion of the fixtures and goods so insured were destroyed by fire, and Shea & O'Connell at once took such steps as they deemed proper to secure from the insurers the adjustment and payment of their loss. Before, however, the loss had been adjusted with the appellee, Von Bories & Co. and Klien, Graves & Enneking, who were judgment creditors of Shea & O'Connell, and whose executions had been returned *nulla bona*, brought their suit in the Louisville Chancery Court, making the United Life, Fire, and Marine Insurance Company a party defendant, and seeking to have the claim of their debtors against that company applied to the satisfaction of their judgment. Appellees, among other defenses, relied upon the violation of the following condition in their policy as a bar to a recovery against them: "If there is or shall hereafter be made any further insurance on the property hereby insured, or any part thereof, without being notified to this company, and its consent thereto written hereon, then and in that case this policy *shall be of no binding force on this company*." The consent of appellee to the second insurance was not indorsed on their policy, and it does not appear that formal notice

thereof was given by the agent, Moore, to the officers at Covington.

It can not be insisted, however, that in law the company did not have notice of the second insurance. Both policies were issued by the same person, who, with the knowledge and assent of appellee, was at the time acting as general agent in Louisville for both companies.

The second insurance did not, according to the terms of the policy, render the contract with appellee absolutely void. It was only agreed that it should render the "policy of no binding effect upon the company." The insurer had the election, after notice of the violation of the contract, to cancel the policy by returning a proper proportion of the premium, or to retain the premium and permit it to remain in full force. Good conscience and fair dealing required the company, in case it was intended to enforce the forfeiture, to take the necessary steps within a reasonable time after notice of the second insurance. This notice it had from the very moment its general agent issued the policy in the Kenton Insurance Company, and yet no action was taken in the premises, and nothing indicating an intention to insist upon the stipulated forfeiture was done until after the loss occurred. It has been held by this court that insurance companies may in such cases, "by contract or conduct, waive the right to exoneration, and become estopped from enforcing [a] conventional condition of forfeiture." (Baer v. Phœnix Insurance Company, 4 Bush, 247.)

In this case Shea & O'Connell had the right to expect that if the company disapproved the action of its agent it would within a reasonable time take the necessary steps to cancel their policy, or at least notify them of such disapproval. No such steps were taken, and it seems to us that under the circumstances the company has waived the right to exoneration. Much stress is laid upon the fact that Moore did not notify

the officers of the company of the second insurance. His failure to do so was a violation of his duty to his principal, which can not and ought not to prejudice the rights of the insured. This conclusion accords with the doctrine laid down by this court in the case of the Kenton Insurance Company v. Shea & O'Connell, 6 Bush, 177, in which case substantially the same question was involved.

As the judgment of the chancellor was based alone upon this ground of defense, we do not deem it necessary upon this appeal to inquire into the sufficiency of the other defenses presented by the pleadings. Many of them involve questions of fact which ought properly to be passed upon by a jury, and we suggest to the chancellor the propriety, upon the return of the cause, of ordering an issue out of chancery for the trial of such questions of fact as he may deem necessary and proper.

The judgment is reversed, and the cause remanded for further proceedings consistent herewith.