## St. Paul Fire and Marine Insurance Company

### v.

### Lewis Wells.

1. NOTICE—*to agent, is notice to principal.* Notice to the agent of an insurance company of a material fact, at the time of an application for an insurance, is notice to the company.

2. INSURANCE—*made with assent that the property might become vacant.* Where a building, occupied by a tenant, was insured by the owner, on the assurance of the agent of the insurance company that it would not matter if the house became vacant, and the premium was paid, and the policy, in disregard of the contract, contained a clause that, if the building should become vacant at any time the policy should become void, which policy was retained by the agent until after a loss by fire, the agent never having informed the assured of such clause, and the latter not having any knowledge of it until after the loss, the loss occurring while the building was unoccupied, it was *held*, that the company was bound by the contract as made with the agent, it having failed to notify the assured of the change in the contract, that he might repudiate or ratify it. If the assured had been informed of the condition in the policy, and made no objection, it seems the rule would have been otherwise.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Mr. GEORGE W. WALL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellee was the owner of a building near Du Quoin, which he rented as a tenant house. He procured, at the solicitation of the agent of appellant, a policy of insurance on the building. At the time appellee took the policy, the house was occupied by a tenant, who remained in it until the 8th or 9th of December, 1874, after the insurance was effected, after which it remained vacant until the 6th of January, 1875, being about twenty-eight days, when the building was burned. Appellee was endeavoring to procure another tenant, but had found none, to go into the building. He paid, and the agent of the company received, the premium for the risk for one year. The house was burned during the life of the policy.

At the time of negotiating for the policy, the agent of the company inquired of appellee in respect to the occupancy of the premises, and appellee informed him that the house was then occupied by a tenant, and might be only for a month, and might be for a year; whereupon the agent assured him that it would not matter, and the contract was concluded, the premium paid, and the agent reported to the home office, and a policy was issued and sent to the agent, who held it for appellee until after the fire had occurred, when it was handed to the assured.

The policy, contrary to the agreement with the agent, contained a clause that, if the house became vacant without the consent of the company indorsed on the policy, it should become void. This was unknown to appellee till after the fire, and he had made and forwarded the proofs of loss, which were made out by the same agent who solicited the risk, and

he did not call appellee's attention to the clause, and appellee learned of it after the home company received the proofs and refused to pay because the house had become vacant without its consent indorsed on the policy.

On a trial in the court below, the jury found for plaintiff, and, after overruling a motion for a new trial, the court rendered a judgment on the verdict, and the company appeals to this court.

This court has, in many cases, held that notice to the agent of an insurance company is notice to the company. This was held in the case of *Atlantic Insurance Co.* v. *Wright*, 22 Ill. 462, and has been repeated in numerous subsequent cases, which must be familiar to the profession. It was there said: "When the assured fully discloses to the company, or its agent, the necessary facts, or they are otherwise cognizant of them, and they dispense with any act on his part, they are estopped from denying the description they have adopted in the policy." Here, appellee was assured by the agent that it would not matter if the house should become vacant, and thereby dispensed with keeping it occupied. Appellee had fully informed the agent as to the condition of the occupancy, and the probability that the premises would become vacant during the life of the policy, and, on the assurance that it would not matter, he closed the contract. This information given to the agent operated as notice to the company, and it having accepted the premium and assumed the risk, it must be held that the company has waived the condition, or if not, it is estopped from urging its breach as a defense. To permit such a defense, would be highly unjust and iniquitous. It would shock the sense of right and fair dealing to permit money to be obtained under such assurances, and to permit the company to say, we are not bound, and did not intend, on our part, to be bound for any loss that might occur; we misled and deceived you into paying the premium, and although we did not intend to be bound, and knew we were not, still, we will keep the premium,

and you must suffer the loss. This is the substance of the defense, and such a defense can not be allowed to prevail.

But the case of *Hartford Fire Insurance Co.* v. *Webster*, 69 Ill. 392, is referred to as controlling this case. We fail to see that the two cases are alike in their controlling facts. In that case, the assured was fully apprised of the condition contained in the policy, and permitted the premises to become vacant, contrary to the condition. In this case, however, the assured had no such knowledge. He had never seen the policy, as it remained in the hands of the agent, not being shown to appellee, nor did the agent inform him that it contained such a provision. Appellee, no doubt, relied upon the contract he had made with the agent, and nothing is shown to put him on inquiry. He had a right to suppose that the policy would conform to the contract as he made it with the agent. The company, failing to notify appellee of the change, that he might repudiate or ratify it, must be bound by the contract as it was made with the agent.

The jury were fully warranted, by the evidence, in finding appellee did nothing to increase the hazard of the risk.

The entire record considered, we find no error, and the judgment must be affirmed.

*Judgment affirmed.*