**FIRST TEXAS STATE INS. CO. v. CAPERS. (No. 7075.)**

(Court of Civil Appeals of Texas. Galveston. Feb. 12, 1916. Rehearing Denied March 2, 1916.)

1. INSURANCE ☞392—LIFE POLICY—FORFEITURE—WAIVER.

Forfeiture of a life policy for failure to seasonably pay a premium, and provisions for manner of reinstatement, are waived by receipt and retention of the past-due premium by insurer's agent, duly authorized to receive it, with knowledge that it had not been paid in time.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1041–1056, 1058–1070; Dec. Dig. ☞392.]

2. PLEADING ☞129(1)—FAILURE TO DENY — EFFECT.

By express provision of Acts 33d Leg. c. 127, a fact alleged in the petition, not being denied by the answer, is to be taken as confessed, so that proof thereof is unnecessary.

[Ed. Note.—For other cases, see Pleading, Cent.Dig. §§ 270, 274, 275; Dec.Dig. ☞129(1).]

Appeal from Harris County Court; C. C. Wren, Judge.

Action by John B. Capers against the First Texas State Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood and W. A. Parish, all of Houston, for appellant. Atkinson, Graham & Atkinson and Heidingsfelders, all of Houston, for appellee.

McMEANS, J. John B. Capers brought this suit against the First Texas State Insurance Company to recover $250, being the amount of an insurance policy upon the life of his deceased wife, in which he was named as beneficiary, and also to recover 12 per cent. on the amount sued for as a penalty, and the further sum of $50 as attorney's fees. In his petition plaintiff alleged payment of premiums, the death of the assured, and the preparation and delivery of proof of death. The defendant pleaded in defense that the policy had lapsed at the time of the death of the insured, because of failure to pay premiums as provided in the policy, and that it had not been reinstated, and further that, if one Edgar Randell, assuming to act for the defendant, did collect premiums in arrears and issue a receipt therefor, he had no authority so to do, and had no authority to waive any provisions of the policy. Plaintiff by supplemental petition denied that the policy had lapsed, and pleaded payment of premiums to and receipt of same by defendant, the reinstatement of the policy, if it had lapsed, and estoppel to deny the authority of Randell. The case was tried before a jury, and resulted in a verdict and judgment for plaintiff for the amounts sued for, and the defendant has appealed.

The evidence shows, and the court instructed the jury, that the policy had lapsed on January 31, 1912, by reason of the failure to pay the premium for the month of January. The evidence further shows that the January premium was paid to Edgar Randell on February 16, 1912. The court further instructed the jury that Randell was not, on said date, authorized to receive the payment of the premium, "in such a manner as to reinstate said policy, and his receipt thereof, standing alone, did not, under the law, operate to reinstate the policy." The policy, which was introduced in evidence, contained the following provision:

"Premiums must be paid at the home office of the company on or before the date specified in the policy [the 1st day of each month], or at the pleasure of the company to a designated agent or collector; but in any case only in exchange for the company's official receipt, signed by the president or secretary, and countersigned by such agent or collector. No notice of a premium, and no acceptance of a premium after maturity at elsewhere than its home office, is to be deemed a waiver of any provision of this policy, no matter how often repeated."

The policy further provided:

"This policy may be reinstated, unless previously surrendered, at any time, provided the insured applies on the company's form, and furnishes evidence of insurability satisfactory to the company, and pays all past-due premiums with interest at the rate of 5 per cent. per annum from date when due; and provided, also, that any indebtedness to the company at date of default, with interest at the rate of 5 per cent. per annum to date of reinstatement, shall be a first lien against this policy."

It was undisputed that neither the insured nor the beneficiary ever at any time received

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the company's official receipt for the payment to Randell on February 16, 1912; and it is also undisputed that the insured did not apply to the company for reinstatement of the policy by furnishing evidence of insurability in accordance with the provisions of the policy. It is also undisputed that the premium paid to Randell on February 16, 1912, was paid by Randell to Dr. Bergfield, a representative of the company in the city of Houston, and was kept by him and never returned to the insured or the beneficiary.

[1] The main question presented upon this appeal is whether Dr. Bergfield was such an agent of the company as that the payment to and retention by him of the January premium after its maturity, with knowledge of all the facts, amounted to a waiver of forfeiture by the company. The policy was issued December 1, 1910, and the insured died February 28, 1912. The evidence warrants a finding that Randell was the superintendent of appellant's business in the city of Houston nearly, if not quite, all the time from the date of the issuance of the policy until the 1st day of February, 1912. During that time he was authorized to receive payment of premiums and was intrusted with the official receipts, which he issued for payments made to him. The insured made payments of premiums to him from the date of her policy up to the maturity of the premium which fell due on December 1, 1911, for which Randell issued the appellant's official receipts. The November, 1911, premium was not paid that month, and not until some time in December, when it and the December premium were paid at the same time, and official receipts were given by Randell therefor. On February 1, 1912, Randell was informed by a duly authorized agent of appellant that he was not to make collection of premiums after that date, but that the official receipts had been placed in the hands of Dr. Bergfield, of Houston, and that the latter only would issue official receipts for premiums paid after that date. Notwithstanding this, Randell continued to collect premiums for five or six months thereafter, executing pencil receipts to the parties paying, and then turn over to Dr. Bergfield the premiums so collected by him, and obtain from the doctor official receipts, which he would afterwards deliver to the parties paying. The assured did not pay her January, 1912, premium when due, and thereupon the policy lapsed. However, Randell collected the January and February premiums on February 16, 1912, which he paid over to Dr. Bergfield, who received and retained them, and never returned or offered to return them knowing at the time he received them that the January premium was paid after maturity and at a time when the appellant could have declared the policy forfeited for failure to pay it at the time stipulated in the policy. It was shown that it was the custom of the appellant to accept payments from policy holders who were two

or three months in arrears. T. E. Flick, secretary of appellant, testified that at the time in question Dr. Bergfield was the man who was authorized to take the money and send it to the company. "I think Mr. Randell sent the Capers money for January and February to Dr. Bergfield." The policy does not stipulate that the overdue premiums shall be considered as earned.

On the facts above detailed we are of the opinion that the payment of the past-due premiums to an agent of the appellant who was authorized to collect it, such as Dr. Bergfield unquestionably was, was notice of payment and collection to the insurance company, and that the failure of the company upon such notice to claim a forfeiture was a waiver by the company of the right thereafter to declare a forfeiture. Continental Casualty Co. v. Jennings, 45 Tex. Civ. App. 14, 99 S. W. 426; Cohen v. Insurance Co., 67 Tex. 327, 3 S. W. 296, 60 Am. Rep. 24; Insurance Co. v. Freeman, 19 Tex. Civ. App. 632, 47 S. W. 1025; Hibernia Ins. Co. v. Malevinsky, 6 Tex. Civ. App. 81, 24 S. W. 804. In the case last cited it is said:

"There was no error in overruling the demurrer. An insurance company is estopped from claiming a forfeiture of its policy when it accepts and retains the premium with notice of the facts constituting the forfeiture. The company itself would be deemed to have notice if its agent, with power to issue the policy and receive the premium, had notice at the time he exercised such power. The same principles apply when an agent, with knowledge of acts on the part of assured working a forfeiture, having authority so to do, accepts a premium for a renewal of the policy, or additional consideration for increased risk. In such cases the forfeiture is waived by the company if it retain the premium or additional price. It is the duty of the company to object, and claim forfeiture, at the time it is deemed to have notice of a breach of the conditions of the policy. It cannot receive the premium without objection, and, upon loss, claim the right to repudiate. It should act promptly; otherwise, it waives the forfeiture. The company is affected with notice through the knowledge of its agent, legally authorized to do the act constituting waiver. The waiver is by the company, and will bind the company, upon the doctrine that it has notice through its agent. Insurance Co. v. Lee, 73 Tex. 646, 11 S. W. 1024; Insurance Co. v. Ende, 65 Tex. 118; Morrison v. Insurance Co., 69 Tex. 363, 6 S. W. 605 [5 Am. St. Rep. 63]; Cohen v. Insurance Co., 67 Tex. 326, 3 S. W. 296 [60 Am. Rep. 24]; Insurance Co. v. Shook, 59 Tex. 510; Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Insurance Ass'n v. Griffin, 66 Tex. 232, 18 S. W. 505; Insurance Co. v. Lyons, 38 Tex. 254; Wood, Ins. pp. 89, 90; Insurance Co. v. Garfield, 60 Ill. 124 [14 Am. Rep. 27]; Hadley v. Insurance Co., 55 N. H. 110; Sherman v. Insurance Co., 39 Wis. 108; Richmond v. Insurance Co., 79 N. Y. 239; Insurance Co. v. Wells, 89 Ill. 82; Fishbeck v. Insurance Co., 54 Cal. 422; Roberts v. Insurance Co., 41 Wis. 321; Pitney v. Insurance Co., 65 N. Y. 23; Rowley v. Insurance Co., 36 N. Y. 550; Von Bories v. Insurance Co., 8 Bush (Ky.) 133; Horwitz v. Insurance Co., 40 Mo. 557 [93 Am. Dec. 321]; Hubbard v. Insurance Co., 33 Iowa, 325 [11 Am. Rep. 125]; Couch v. Insurance Co., 37 Conn. 248; Pechner v. Insurance Co., 6 Lans. (N. Y.) 411; Post v. Insurance Co., 43 Barb. (N. Y.) 351; Insurance Co. v. Taylor, 73 Pa. 342;

Gloucester Mfg. Co. v. Howard Fire Ins. Co., 5 Gray (Mass.) 498 [66 Am. Dec. 376]; May, Ins. 369; Insurance Co. v. Gallatin, 48 Wis. 36, 3 N. W. 772. The agent's powers may be restricted, and he may not have the power to waive; but this does not affect the power of the company to waive. It is the duty of the agent to inform his principal of acts known to him inconsistent with the terms of the policy, and, if he fail to do so, it is the fault of the agent towards his principal, and will not exonerate the latter. Von Bories v. Insurance Co., supra."

In Insurance Company v. Freeman, above cited, the San Antonio Court of Civil Appeals states the law to be as follows:

"It is a well-established principle that if a forfeiture has occurred for breach of any condition in an insurance policy, and the company thereafter, with knowledge of the facts, unconditionally accepts and retains a premium, it thereby waives the former forfeiture, and is estopped thereafter from setting up the grounds of forfeiture as a defense. 2 Joyce, Ins. p. 1369, and authorities cited in note 151; Insurance Co. v. Hanna, 81 Tex. 487, 17 S. W. 35; Morris v. Insurance Co., 43 S. W. 898; 2 Beach, Ins. p. 77; Walsh v. Insurance Co. [30 Iowa, 133] 6 Am. Rep. 664; Insurance Co. v. Raddin, 120 U. S. 183, 7 Sup. Ct. 500 [30 L. Ed. 644]; McGurk v. Insurance Co., 56 Conn. 528, 16 Atl. 263 [1 L. R. A. 563]. As is said by Justice Gray in Insurance Co. v. Raddin, supra: 'If insurers accept payment of a premium after they know there has been a breach of a condition of the policy, their acceptance of the premium is a waiver of the right to avoid the policy for that breach. Upon principle and authority there can be no doubt about this. To hold otherwise would be to maintain that the contract of insurance requires good faith of the assured only, and not of the insurers, and to permit insurers knowing all the facts to continue to receive new benefits from the contract, while they decline to bear its burdens.'"

From Mechem on Agency, 718, 719, we quote the following:

"It is a general rule, settled by an unbroken current of authority, that notice to an agent, when acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to the principal. This rule rests upon two theories. The first is based on the legal identity of the agent of the principal, in the fact that the agent, while keeping within the scope of his authority, is, as to the matter embraced within it, for the time being the principal himself, or at all events the alter ego of the principal. The other is based upon the rule that it is the duty of the agent to disclose to his principal all notice or knowledge which he may possess, and which is necessary for the principal's protection or guidance. This duty the law presumes the agent to have performed, and imputes to the principal whatever notice or knowledge the agent then possessed, whether he has in fact disclosed it or not."

The provisions of the policy hereinafter copied were inserted for the benefit of appellant, and could be waived by it, and in fact were waived by it, by the receipt and retention of the past-due premium by its agent, who was duly authorized to receive it, with knowledge of the fact that it had not been paid within the time required by the contract of insurance. Insurance Co. v. Fitzgerald, 1 White & W. Civ. Cas. Ct. App. sec. 1347; Equitable Life Assurance Co. v. Ellis,

105 Tex. 537, 147 S. W. 1152, 152 S. W. 625.

[2] The court charged the jury, in the event they found for plaintiff, to award him the amount of the policy, together with 12 per cent. thereof as a penalty, and attorney's fees of $50. It is complained that the court erred in instructing the jury that they might find for him for the penalty and attorney's fees, for the reason that plaintiff was not entitled to recover therefor unless he had made demand on the company for the payment of the policy, and that there was no evidence that plaintiff had made such a demand. It was agreed, and the agreement put in evidence, that $50 was a reasonable attorney's fee, in case it was found that plaintiff was entitled to recover. Plaintiff pleaded that he had made written demand on defendant for the payment of the policy, and that the demand was refused. Acts 1913, p. 257, in force at the time this case was tried, contains this provision:

"The defendant in his answer shall plead to each fact alleged in the plaintiff's petition, and either admit or deny the same, or deny that he has any knowledge or information thereof sufficient to form a belief, and any fact not denied by the defendant or which he does not deny that he has knowledge or information thereof sufficient to form a belief shall be taken as confessed."

The failure of defendant to deny the allegations of the petition as to the demand for payment obviated the necessity for plaintiff to prove it.

The above sufficiently disposes of all of appellant's assignments of error adversely to its contentions. The judgment of the court below is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes